Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DOES 1-90, )<br>)<br>Defendant(s). )<br>)<br>)<br>_____ ) | **No. C-11-03825 HRL**<br><br>**PLAINTIFF'S CASE MANAGEMENT<br>CONFERENCE STATEMENT** |

**PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff Hard Drive Productions, Inc., by and through its counsel, hereby submits Plaintiff's Case Management Conference Statement pursuant to the Court's Order Setting Initial Case Management Conference (ECF No. 3), and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a).[1]

**1. Jurisdiction and Service:**

Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 1 ¶ 2), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal

---

[1] At this juncture, there is no identifiable Doe Defendant(s). As such, there is no party for Plaintiff's counsel to collaborate with to create a *Joint* Case Management Conference Statement. (*See* Exhibit A, attached hereto, Declaration of Brett L. Gibbs at ¶ 3.) Thus, Plaintiff submits this Case Management Conference Statement on its own.

question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution. As Doe Defendant(s) has not been identified or served, he or she (or they) has not made any counterclaims in this matter.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, the Doe Defendant(s) either resides or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP addresses of Doe Defendant(s) to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

At this time, the unidentified Doe Defendant(s) who used the IP addresses listed on Exhibit A to the Complaint (ECF No. 1 at 15-16) to illegally infringe on Plaintiff's copyrighted works has not been served for the simple reason that he or she (or they) still has yet to be identified. The Doe Defendant(s) has not been identified because Plaintiff has not been given authority by this Court to send out subpoenas to the ISPs to identify Subscriber(s) whose IP addresses were used to unlawfully infringe upon Plaintiff's copyrighted works. This is attributable solely to the Court's failure address Plaintiff's pending *Ex Parte* Application for Leave to Take Expedited Discovery, which was filed on August 10, 2011. (*See* ECF No. 6, hereinafter "*Ex Parte* Application"). Without a Court order allowing for the requested subpoenas, Plaintiff is unable to obtain any Subscriber[3] identifying information, and/or further prosecute this case.

//

//

---

[3] To be clear, the labels "Doe Defendant" and "Subscriber" are used interchangeably throughout this Statement for good reason: they often represent one-and-the-same individual. In other words, the individual who subscribes in the household is in fact the infringer. For instance, an individual who lives alone with a secure wireless Internet connection is very likely to be both the Subscriber and Doe Defendant. At this time, however, those pertinent details are entirely unknown to Plaintiff because Plaintiff is unable to identify the Subscriber(s)/Doe Defendant(s) in this case.

## 2. Facts:

Plaintiff is an organization that holds the distribution copyrights to certain adult entertainment content. Doe Defendant(s) is an alleged copyright infringer.

Certain facts in this case, including the following, are absolutely known at this time. Doe Defendant(s), without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. Defendant(s) operated under the cover of a network address when he/she joined a common swarm composed of fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another. Due to the quasi-anonymous fashion in which Doe Defendant conducted him/herself online, Plaintiff is unaware of Doe Defendant's(s') actual identifying information—including his/her name, address, telephone, and Media Access Control ("MAC") information.

Through unique proprietary software, Plaintiff's agents identified Doe Defendant(s) by a unique IP address, assigned to him/her by his/her ISP on the date and at the time of Doe Defendant's infringing activity. While these were not the only times of Doe Defendant's(s') infringing activities, this was a snapshot of such activities personally observed by Plaintiff's technicians and recorded in Exhibit A attached to the Complaint. (ECF No. 1 at 15-16). Plaintiff, by and through its investigators, also made a copy of substantial portions of the copyrighted work that Doe Defendant(s) unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such files contained the work that was copyrighted by Plaintiff. A technician collected this data through systems and procedures specifically designed to ensure that the information gathered on each Doe Defendant(s) was accurate.

Through Plaintiff's agents' work, it is overwhelmingly clear that an unidentified individual(s) using the identified IP addresses (as specified on Exhibit A of Plaintiff's Complaint) unlawfully downloaded Plaintiff's copyrighted works on the Internet via BitTorrent. (ECF No. 1 at 15-16.) The pending question at this early stage in the litigation is: Who is the Subscriber(s)/Doe Defendant(s)

specifically linked to these IP addresses?  Plaintiff cannot answer this question at this time for one simple reason: the Court, in not acting on its *Ex Parte* Application, has denied Plaintiff the right recover this information.

**3. <u>Legal Issues</u>:**

At this point, there is no legal issue. Plaintiff states a *prima facie* case for copyright infringement.

**4. <u>Motions</u>:**

On August 10, 2011, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 6.) That Application is still pending before this Court.

On September 27, 2011, Plaintiff filed its Motion for Administrative Relief for Leave to Continue Initial Case Management Conference. (ECF No. 8.)  That Motion is still pending before this Court.

**5. <u>Amendment of Pleadings</u>:**

None.

**6. <u>Evidence Preservation</u>:**

Plaintiff's agents at Media Copyright Group, LLC ("MCG") engaged in real time monitoring of Doe Defendant's(s') infringing activity using its proprietary software. MCG's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing conduct. MCG's processes are designed to ensure that information gathered about Doe Defendant(s) is accurate. Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by MCG for trial.

There still remains a problem when it comes to the ninety IP addresses in this case.  As these IP addresses are dynamic, and the subscriber information could be erased at any moment, the longer it takes the Court to act on Plaintiff's *Ex Parte* Application (ECF No. 6), the greater the likelihood that some of this information will be erased.  In light of this, Plaintiff prays that the Court grant its Application as soon as possible so that it can issue the subpoenas and (hopefully) preserve some of the remaining identifying information in this case.

**7. Disclosures:**

Plaintiff is in the process of formulating and filing initial disclosures for the Initial Case Management Conference.

**8. Discovery:**

As noted above, Plaintiff filed its *Ex Parte* Application on August 10, 2011, which asked to send out subpoenas to ultimately allow Plaintiff to identify the Doe Defendant(s) in this case. (ECF Nos. 6.)  That Application is still pending before the Court.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

Not applicable.

**11. Relief:**

Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that the Doe Defendant(s) infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that Doe Defendant(s) has injured the business reputation and business of Plaintiff by Defendants'(s') acts and conduct set forth in this Complaint; (3) That the Court issue injunctive relief against Doe Defendant(s), enjoining and restraining the Doe Defendant and all others in active concert with him/her from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring Doe Defendant(s) to destroy all copies of those unlawfully copyrighted files in Doe Defendant's(s') possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against Defendant(s) for actual damages pursuant to 17 U.S.C. § 504(a) or statutory damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

As previously discussed, there are no counterclaims.

**12. Settlement and ADR:**

Considering the strength of Plaintiff's case, the prospects for settlement should be extremely high.

Currently, the Court has not scheduled an ADR Phone Conference despite Plaintiff's request. (*See* ECF. No. 11). Practically speaking, however, at this point, without an identifiable Defendant(s) in this case, there seems to be no need for such a Conference.

**13. Consent to Magistrate Judge For All Purposes:**

Plaintiff has consented to proceed in front of the Honorable Magistrate Judge Howard R. Lloyd for all purposes.

**14. Other References:**

None that the parties can identify at this time.

**15. Narrowing of Issues:**

Plaintiff would be more than happy to narrow the issues in this case. Plaintiff believes that this could expedite this case, and lead to a fair and economic result.

**16. Expedited Schedule:**

Plaintiff has no objection to this case being handled in an expedited manner. However, the Court must first make a decision on Plaintiff's *Ex Parte* Application. If that is granted, the Court must understand that it will take at least another seventy days from the time the subpoenas are served for Plaintiff to get any Subscriber/Doe Defendant information, and proceed with case from there. From there, Plaintiff may need additional discovery in order to name Doe Defendant(s). At this time, however, considering no Subscriber information is known to Plaintiff, Plaintiff cannot guess as to what potential further discovery may or may not be needed at that future time.

**17. Scheduling:**

Without Defendant(s) being involved in this process, or knowing whether there will be a Defendant in this matter at all (i.e. whether the Court will allow Plaintiff to proceed with its discovery) any schedule would be impossible to map out at this point.

**18. Trial:**

Again, at this point, without Defendant(s) being involved in this process, or knowing whether there will be a Defendant in this matter, it would be hard for Plaintiff to guess as to how long a trial of this case will take. Should the Court require that guess, Plaintiff would estimate two full days.

**19. Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff has filed its Certification of Interested Entities or Persons. (ECF No. 2.)

Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other kind of interest that could be substantially affected by the outcome of the proceedings other than the parties.

**20. Other Matters:**

Plaintiff recognizes that the Court must address its *Ex Parte* Application (ECF No. 6) before this case can be fully defined, and proceed any further.

Respectfully Submitted,

STEELE HANSMEIER PLLC,

**DATED: October 10, 2011**

By:      /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 10, 2011, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.


                                               /s/  Brett L. Gibbs_____
                                                 Brett L. Gibbs, Esq.