\*\* **E-filed June 6, 2012** \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., <br><br> Plaintiff, <br> v. <br> DOES 1-90, <br><br> Defendants. | No. C11-03825 HRL <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> **[Re: Docket No. 19]** |

In this action against Doe defendants for internet copyright infringement, plaintiff Hard Drive Productions, Inc. ("Hard Drive") now applies for leave to file a Motion for Reconsideration of this court's March 30, 2012 Order, which denied plaintiff's early discovery application and severed Does 2-90. Civ. L. R. 7-9. See also School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (Absent "other, highly unusual, circumstances," "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.") (citing All Hawaii Tours, Corp. v. Polynesian Cultural Center, 116 F.R.D. 645, 648 (D. Haw. 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988)). Plaintiff seeks another opportunity to argue for early discovery of the identities of ISP subscribers whose IP addresses are listed in the complaint, asserting that the court misconstrued Gillespie v. Civiletti in the March 30 Order. 629 F.2d 637, 642 (9th Cir. 1980).

Plaintiff argues that under <u>Gillespie</u>, this court should grant early discovery "unless it is clear that discovery would not uncover the identities" of the Doe defendants. 629 F.2d at 642. Plaintiff asserts that this is a much more liberal test for early discovery than the one the court actually used. This court disagrees. It did not apply a more stringent test. The papers submitted by plaintiff and the statements by plaintiff's counsel at the hearing on plaintiff's application for early discovery make it **clear** that granting the sought-after discovery **would not uncover the identities** of the infringers. Instead, it would reveal a list of names and addresses of ISP subscribers. Some these subscribers (wherever they may be located) are probably infringers, but others surely are not (because, in addition to the named subscriber, roommates, guests, family members, friends, dormitory mates or acquaintances, unauthorized users of unprotected wireless signals and others may "share" an ISP subscription). Plaintiff admitted this when it told the court it would contact every name on the subscriber list and give each one a chance to "prove" his or her innocence and/or agree to a settlement before it decided whether to name each subscriber as a defendant in this lawsuit. Plaintiff also said that additional early discovery might then be necessary to locate infringers other than the ISP subscribers.

In what must be a misreading of the March 30 Order, plaintiff in effect seems to chastise this court for sympathizing with, and, plaintiff would argue, insulating infringers from plaintiff's reach. The court had no such purpose or intent. Instead, it expressly sympathized with the plaintiff and other victims of infringement. It said nothing sympathetic about infringers. It *was* deeply concerned about non-infringers who, based on plaintiff's prior use of early discovery in other cases, would almost certainly be caught up in plaintiff's dragnet aimed at achieving an extrajudicial remedy.

Accordingly, plaintiff having failed to offer valid grounds for filing a motion for reconsideration, plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: June 6, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**C11-03825 HRL** N**otice will be electronically mailed to:**

Brett Gibbs   blgibbs@wefightpiracy.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**